IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01416-BNB

GARY GENE SANDERS, JR.,

    Plaintiff,

v.

FREMONT COUNTY, COLORADO,
FREMONT COUNTY SHERIFF JIM BEICKER, and
FREMONT COUNTY DISTRICT ATTORNEY'S OFFICE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Gary Gene Sanders, Jr., was incarcerated at the Fremont County Detention Facility in Cañon City, Colorado, when he initiated the instant action by submitting *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). The Court reviewed the documents and determined they were deficient. Therefore, on June 3, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Sanders to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The June 3 order pointed out that Mr. Sanders failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form together with a certified copy of his trust fund account statement for the immediately preceding six-month period. The

order directed him to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The June 3 order warned Mr. Sanders that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On June 24, 2013, Magistrate Judge Boland granted Mr. Sanders' request for a thirty-day extension of time in which to cure the designated deficiencies.  *See* ECF No. 8.  On July 2, 2013, the copy of the June 24 minute order mailed to Mr. Sanders was returned to the Court as undeliverable.  *See* ECF No. 10.

Mr. Sanders has failed to cure the designated deficiencies as directed within the time allowed, or otherwise to communicate with the Court in any way.  Therefore, the action will be dismissed without prejudice for Mr. Sanders' failure to cure the designated deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Sanders files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for the failure of Plaintiff, Gary Gene Sanders, Jr., within the time allowed, to cure all the deficiencies designated in the order to cure of June 3, 2013 (ECF No. 4), and for his failure to prosecute. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  31st  day of   July  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court